# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT VINSON WEAVER and CHASITY JOHNSTON<br><br>    Plaintiffs<br><br>v.<br><br>TOWN OF McINTOSH, et al.<br><br>    Defendants | CASE NO. 1:14-cv-00280-CG-B |

## ANSWER

Come now **Michael Brown, Nick Reed, Charles Koger, Rico House, Daniel Byrd** and **Brad Singleton** (hereinafter collectively referred to as "these defendants"), and jointly give answer as follows to the plaintiffs' first amended complaint (Doc. 27).

1. These defendants admit this is a civil action brought by the plaintiffs pursuant to 42 U.S.C. § 1983 and Alabama law to recover damages. These defendants deny the remaining averments and allegations of paragraph 1 of the plaintiffs' first amended complaint and demand strict proof thereof.

### I.
### Jurisdiction and Venue

2. The averments and allegations of paragraph 2 of the plaintiffs' first amended complaint are legal and conclusory in nature, and therefore, do not

require a response by these defendants. To the extent a response may be required, however, these defendants deny said averments and allegations and demand strict proof thereof.

## II.
## The Nature of the Action

3. These defendants deny the averments and allegations of paragraph 3 of the plaintiffs' first amended complaint and demand strict proof thereof.

4. These defendants admit that the plaintiff was arrested and held in the Washington County Jail on charges of assault in the second degree, resisting arrest, disorderly conduct, and criminal mischief. These defendants deny the remaining averments and allegations of paragraph 4 of the plaintiffs' first amended complaint and demand strict proof thereof.

5. These defendants deny the averments and allegations of paragraph 5 of the plaintiffs' first amended complaint and demand strict proof thereof.

6. These defendants deny the averments and allegations of paragraph 6 of the plaintiffs' first amended complaint and demand strict proof thereof.

7. These defendants deny the averments and allegations of paragraph 7 of the plaintiffs' first amended complaint and demand strict proof thereof.

9. [*sic*] These defendants deny the averments and allegations of paragraph 9 of the plaintiffs' first amended complaint and demand strict proof thereof.

## III.
## Parties

10.     Upon information and belief, admitted.

11.     These defendants admit McIntosh is a municipal corporation and a governmental entity. These defendants deny the remaining averments and allegations of paragraph 11 of the plaintiffs' first amended complaint and demand strict proof thereof.

12.     These defendants admit Mount Vernon is a municipal corporation and a governmental entity. These defendants deny the remaining averments and allegations of paragraph 12 of the plaintiffs' first amended complaint and demand strict proof thereof.

12. [*sic*]  Upon information and belief, admitted.

13.     Admitted.

## IV.
## Claims

### (1) Plaintiffs' First Claim: § 1983 U.S.C. - Peace Officer Liability

14.     These defendants admit the plaintiffs purport to bring certain causes of action against them in their individual and official capacities. These defendants deny the remaining averments and allegations of paragraph 14 of the plaintiffs' first amended complaint and demand strict proof thereof.

15. These defendants admit they were employees of defendant Town of McIntosh on the date complained of by the plaintiffs. These defendants deny the remaining averments and allegations of paragraph 15 of the plaintiffs' first amended complaint and demand strict proof thereof.

16. These defendants deny the averments and allegations of paragraph 16 of the plaintiffs' first amended complaint and demand strict proof thereof.

17. These defendants deny the averments and allegations of paragraph 17 of the plaintiffs' first amended complaint and demand strict proof thereof.

18. These defendants deny the averments and allegations of paragraph 18 of the plaintiffs' first amended complaint and demand strict proof thereof.

19. These defendants deny the averments and allegations of paragraph 19 of the plaintiffs' first amended complaint and demand strict proof thereof.

## (2) **Plaintiff's 2nd Claim: 42 U.S.C. § 1983 – Municipal Liability**

20. These defendants deny the averments and allegations of paragraph 20 of the plaintiffs' first amended complaint and demand strict proof thereof.

21. These defendants deny the averments and allegations of paragraph 21 of the plaintiffs' first amended complaint and demand strict proof thereof.

22. The averments and allegations of paragraph 22 of the plaintiffs' first amended complaint are legal and conclusory in nature, so no response is required.

To the extent a response might be required, however, these defendants deny said averments and allegations and demand strict proof thereof.

23. The averments and allegations of paragraph 23 of the plaintiffs' first amended complaint are legal and conclusory in nature, so no response is required. To the extent a response might be required, however, these defendants deny said averments and allegations and demand strict proof thereof.

24. The averments and allegations of paragraph 24 of the plaintiffs' first amended complaint are legal and conclusory in nature, so no response is required. To the extent a response might be required, however, these defendants deny said averments and allegations and demand strict proof thereof.

25. The averments and allegations of paragraph 25 of the plaintiffs' first amended complaint are legal and conclusory in nature, so no response is required. To the extent a response might be required, however, these defendants deny said averments and allegations and demand strict proof thereof.

26. The averments and allegations of paragraph 26 of the plaintiffs' first amended complaint are legal and conclusory in nature, so no response is required. To the extent a response might be required, however, these defendants deny said averments and allegations and demand strict proof thereof.

### A. *<u>Failure to Train a Single Police Officer</u>*

27. The averments and allegations of paragraph 27 of the plaintiffs' first amended complaint are legal and conclusory in nature, so no response is required. To the extent a response might be required, however, these defendants deny said averments and allegations and demand strict proof thereof.

28. The averments and allegations of paragraph 28 of the plaintiffs' first amended complaint are legal and conclusory in nature, so no response is required. To the extent a response might be required, however, these defendants deny said averments and allegations and demand strict proof thereof.

29. The averments and allegations of paragraph 29 of the plaintiffs' first amended complaint are legal and conclusory in nature, so no response is required. To the extent a response might be required, however, these defendants deny said averments and allegations and demand strict proof thereof.

30. The averments and allegations of paragraph 30 of the plaintiffs' first amended complaint are legal and conclusory in nature, so no response is required. To the extent a response might be required, however, these defendants deny said averments and allegations and demand strict proof thereof.

### (3) **Plaintiffs' State Law Claims**

31. These defendants adopt and incorporate their responses to paragraphs 1-30 of the plaintiffs' first amended complaint.

32. These defendants deny the averments and allegations of paragraph 32 of the plaintiffs' first amended complaint and demand strict proof thereof.

33. These defendants deny the averments and allegations of paragraph 33 of the plaintiffs' first amended complaint and demand strict proof thereof.

34. These defendants deny the averments and allegations of paragraph 34 of the plaintiffs' first amended complaint and demand strict proof thereof.

35. These defendants deny the averments and allegations of paragraph 35 of the plaintiffs' first amended complaint and demand strict proof thereof.

36. These defendants deny the averments and allegations of paragraph 36 of the plaintiffs' first amended complaint and demand strict proof thereof.

37. These defendants deny the averments and allegations of paragraph 37 of the plaintiffs' first amended complaint and demand strict proof thereof.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

The plaintiffs' claims are barred by the doctrines of immunity, including, but not limited to, statutory, governmental, discretionary, State-agent, and qualified immunity.

### **SECOND DEFENSE**

These defendants plead lack of proximate cause.

## THIRD DEFENSE

The plaintiffs' complaint fails to state cognizable claims upon which relief can be granted against these defendants.

## FOURTH DEFENSE

These defendants deny any wrongful conduct.

## FIFTH DEFENSE

These defendants deny there is any causal relationship between any of their alleged actions or conduct and the injuries and damages allegedly suffered by the plaintiffs.

## SIXTH DEFENSE

These defendants deny they breached any duty owed to the plaintiffs, and these defendants deny that any breach of any duty caused or contributed to cause the alleged injuries and damages of the plaintiffs.

## SEVENTH DEFENSE

These defendants plead that any actions taken or thing not done with respect to the circumstances leading up to, arising out of, or surrounding the claims made the basis of the plaintiffs' complaint, were justified, reasonable, and done in good faith.

## EIGHTH DEFENSE

To the extent any discovery in this case may make this defense applicable, these defendants plead that the plaintiffs' claims are barred by the applicable statute(s) of limitation.

## NINTH DEFENSE

The plaintiffs have failed to mitigate their alleged damages.

## TENTH DEFENSE

These defendants plead all defenses (constitutional or otherwise) available to the applicability and imposition of, and the scope and amount of, awards of punitive damages in civil cases.

## ELEVENTH DEFENSE

These defendants plead the doctrine of unclean hands.

## TWELFTH DEFENSE

To the extent the plaintiffs' complaint asserts any state law tort claims against these defendants, then they aver the plaintiffs, through their own conduct, assumed the risk of injury on the occasion made the basis of their complaint; accordingly, the plaintiffs' claims are barred by the doctrine of assumption of the risk.

## THIRTEEHTH DEFENSE

To the extent the plaintiffs' complaint asserts any state law tort claims against these defendants, then they aver the plaintiffs were guilty of negligence on the occasion made the basis of their complaint, and that said negligence on the part of the plaintiffs proximately caused or contributed to their alleged injuries and damages; accordingly, the plaintiffs' claims are barred by the doctrine of contributory negligence.

## FOURTEENTH DEFENSE

The defendants aver that the incident made the basis of the plaintiffs' complaint was the result of an efficient intervening cause, not proximately caused by any alleged action or omission of these defendants.

## FIFTHEENTH DEFENSE

The plaintiffs' claims are barred by the doctrine of estoppel.

## SIXTEENTH DEFENSE

The plaintiffs' demand for an award of punitive damages against these individual defendants in their official capacity is due to be dismissed because, as a matter of law, these defendants in their official capacity cannot be subjected to an award of punitive damages.

## SEVENTEENTH DEFENSE

The plaintiffs' amended complaint fails to state a plausible claim for conspiracy upon which relief can be granted.

## EIGHTEENTH DEFENSE

The plaintiffs' amended complaint fails to state a plausible claim for abuse of process, malicious prosecution, intentional infliction of emotional distress, false arrest, assault and battery, or outrage upon which relief can be granted.

## NINETEENTH DEFENSE

The plaintiffs' claims fail as a matter of law pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

## TWENTIETH DEFENSE

With respect to any state law claims against these defendants, said claims are barred or limited by the provisions of Ala. Code (1975) §§11-47-23, 11-47-190, 6-11-20, and 6-11-27.

## TWENTY-FIRST DEFENSE

These defendants plead that any use of force was justified and appropriate under the circumstances.

## TWENTY-SECOND DEFENSE

Plaintiff Weaver's excessive force claim fails to state a cognizable claim upon which relief may be granted.

## TWENTY-THIRD DEFENSE

Because plaintiff Weaver's claims fail, Johnston's loss of consortium claim also fails as a matter of law.

## TWENTY-FOURTH DEFENSE

These defendants reserve the right to subsequently alter, amend, modify and/or supplement this Answer with different or other defenses as they become known or available.

*/s/ Terry A. Sides*
Terry A. Sides (SIDET7513)

*/s/ Erin B. Fleming*
Erin B. Fleming (FLEME3705)
Attorneys for Defendant
Town of McIntosh
**HALE SIDES LLC**
103 Kennedy Place
308 Magnolia Avenue
Fairhope, Alabama 36532
Phone: 251.517.6004
Fax: 205.453.9801
tsides@halesides.com
efleming@halesides.com

# CERTIFICATE OF SERVICE

I hereby certify that on **September 17, 2014**, I served a copy of the above and foregoing by using the court's electronic filing system which will send notification of such to the following:

**COUNSEL FOR PLAINTIFFS**:
Charles Michael Quinn, Esq.
301 19th Street North
Birmingham, AL 35222
205.314.0500
mquinn422@gmail.com

**COUNSEL FOR PLAINTIFFS**:
Sherrie V. McKenzie, Esq.
25 West Claiborne Street
Monroeville, AL 36460
251.575.7037
Fax: 251.575.5632
sherrie@frontiernet.net

**COUNSEL FOR TOWN OF MOUNT VERNON**:
Alicia Jacob Corley, Esq.
Lawrence M. Wettermark, Esq.
**Galloway, Wettermark, Everest, & Rutens, LLP**
P.O. Box 16629
Mobile, AL 36616-0629

**CITY COUNSEL FOR TOWN OF MOUNT VERNON**:
Jay M. Ross, Esq.
**Adams and Reese, LLP**
Post Office Box 1348
MOBILE, AL 36633
(251) 433-3234 Phone
(251) 438-7733 Fax
jay.ross@arlaw.com

*/s/ Erin B. Fleming*
OF COUNSEL